

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KENNER, et al.,<br><br>    Plaintiffs,<br>vs.<br><br>ERIN KELLY, et al.,<br><br>    Defendants. | CASE NO. 11-CV-2520 BEN (BGS)<br><br>**ORDER GRANTING JUDGE BATTAGLIA'S AND JUDGE MOSKOWITZ'S MOTION TO DISMISS**<br><br>[Docket No. 6] |

Presently before the Court is Defendants Judge Anthony J. Battaglia's and Judge Barry T. Moskowitz's Motion to Dismiss. (Docket No. 6.) For the reasons stated below, the Motion is **GRANTED**.

### BACKGROUND

In October 2010, Plaintiffs Brian Kenner and Kathleen Kenner (husband and wife) filed suit against individual Internal Revenue Service employees David Alito, Charlotte Becerra, Patricia Blizzard, C. John Crawford, Erin Kelly, Mindy Meigs, Mary Kay Pittner, Jennifer Plasky, Carol Rose, and Sylvia Shaughnessy ("IRS Defendants"), as well as Barbara Dunn and Lacy Dunn and Do ("First RICO Action"). (*Kenner v. Kelly*, 10-CV-2105 AJB (WVG), Docket No. 1.) The complaint alleged that the IRS Defendants engaged in unauthorized collection actions by accepting payment of settlement funds, by their offer in compromise, and by improperly collecting settlement funds, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*

When the First RICO Action was filed, it was assigned to Judge Moskowitz. On November

18, 2010, Judge Moskowitz sua sponte dismissed the complaint without prejudice for failure to state a claim. (*Id.*, Docket No. 10.) On December 8, 2010, the Plaintiffs filed a first amended complaint. (*Id.*, Docket No. 14.) On February 15, 2011, the IRS Defendants filed a motion to dismiss. (*Id.*, Docket No. 59.) The district court later transferred the action from Judge Moskowitz to Judge Battaglia. (*Id.*, Docket No. 61.) On May 27, 2011, Judge Battaglia granted the motion to dismiss, and entered judgment. (*Id.*, Docket Nos. 64, 65.) On June 21, 2011, Plaintiffs filed a Notice of Appeal challenging the order granting the motion to dismiss. (*Id.*, Docket No. 66.) The appeal is currently pending before the Ninth Circuit. (*See Kenner v. Kelly*, No. 11-56062 (9th Cir.).)

On July 12, 2011, Plaintiffs filed a new action in district court, which was similar to the First RICO Action ("Second RICO Action"). (*See Kenner v. Kelly*, 11-CV-1538 AJB (WVG), Docket No. 1.) On August 9, 2011, this action was transferred to Judge Battaglia pursuant to the Court's low number rule. (*Id.*, Docket No. 13.) On August 11, 2011, this action was stayed pending resolution of the appeal of the First RICO Action. (*Id.*, Docket No. 15.)

On October 14, 2011, Plaintiffs filed an action in the San Diego County Superior Court against the IRS Defendants in their individual capacities, Capital One, Judge Battaglia, and Judge Moskowitz. (Docket No. 1.) As to Judge Battaglia and Judge Moskowitz ("Judicial Defendants"), Plaintiffs assert four causes of action for declaratory judgment against Judge Battaglia and Judge Moskowitz in their official capacities. Specifically, Plaintiffs allege that both Judicial Defendants violated California Civil Code Section 52.1 (the Bane Act) and committed abuse of process in handling the First and Second RICO Actions. The United States and the IRS Defendants removed this action on October 31, 2011.

Presently before the Court is Judge Battaglia's and Judge Moskowitz's Motion to Dismiss. Being fully briefed, the Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Under this standard, dismissal is

appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

"[A] judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (internal quotation marks omitted). Consequently, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts . . . are alleged to have been done maliciously or corruptly." *Id.* at 355-56 (internal quotation marks omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."[1] *Id.* at 356-57 (internal quotation marks omitted).

Plaintiffs' claims against the Judicial Defendants concern their judicial actions taken within the subject matter jurisdiction of the court. Plaintiffs named each judge in his official capacity. In addition, the challenged acts and decisions pertain to matters arising from the litigation of the Plaintiffs' civil cases in the district court. Because the First and Second RICO Actions were within the scope of the district court's subject matter jurisdiction, judicial immunity applies and bars the claims against the Judicial Defendants.

First, Plaintiffs argue that the doctrine of judicial immunity does not apply here because it is a common law doctrine, and there is clear legislative intent by the State of California to eliminate such immunity. Specifically, Plaintiffs argue that the California legislature eliminated all common law immunities for public employees pursuant to California Government Code Section 820, and that the Judicial Defendants, as public employees, cannot avail themselves of the judicial immunity doctrine. Section 820, however, does not affect federal judicial immunity principles applicable to federal judges. *Cf. Parkes v. Cnty. of San Diego*, 345 F. Supp. 2d 1071, 1087 n.8 (S.D. Cal. 2004) (finding that Section 820.21, which limited immunity for social workers, did not affect federal immunity principles available to social workers). In addition, Section 820 does not apply to federal district court judges.

---

[1] The phrase "clear absence of all jurisdiction" is interpreted to mean "a clear lack of all subject matter jurisdiction." *Mullis v. U.S. Bankr. for Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987).

The California Government Code defines "public employee" as "an employee of a public entity," CAL. GOV. CODE § 811.4, and defines "public entity" as "the state, the Regents of the University of California, the Trustees of the California State University and the California State University, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State," CAL. GOV. CODE § 811.2. The Judicial Defendants are not employed by any of these public entities.

Second, Plaintiffs argue that judicial immunity does not apply to actions seeking declaratory and injunctive relief, citing *Pulliam v. Allen*, 466 U.S. 522 (1984). In *Pulliam*, the Supreme Court held that judicial immunity does not bar prospective injunctive relief against a state judicial officer acting in his official capacity. *Id.* at 541-42. In *Mullis v. United States Bankruptcy Court for the District of Nevada*, the Ninth Circuit considered the impact of the *Pulliam* decision on the applicability of judicial immunity to declaratory and injunctive claims against federal judges, and concluded that there was "no need to carve out an exception to judicial immunity to permit declaratory and injunctive relief against *federal* judicial officers." 828 F.2d 1385, 1394 (9th Cir. 1987).

In addition, Plaintiffs argue that *Mullis* applies only to actions brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and for actions alleging constitutional claims. Plaintiffs argue that because they do not allege a *Bivens* cause of action, they are entitled to seek declaratory relief against the Judicial Defendants. Although Plaintiffs do not bring this action pursuant to *Bivens*, the reasoning of *Mullis* applies to their claims. Specifically, as in *Mullis*, Plaintiffs may appeal the allegedly wrongful decisions of the Judicial Defendants, and they will receive full federal court review. *See Mullis*, 828 F.2d at 1394. Allowing declaratory judgment in this action would only "engender unnecessary confusion and a multiplicity of litigation." *Id.* "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc) (per curiam).

Third, Plaintiffs argue that the removal of this action from state court pursuant to 28 U.S.C. § 1442(a) confers subject matter jurisdiction to this Court and permits Plaintiffs to seek declaratory relief against the Judicial Defendants pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

The Declaratory Judgment Act, however, does not provide an independent basis for jurisdiction, but rather expands the range of remedies already available in federal court. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *see also In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993). In addition, removal does not confer subject matter jurisdiction, and does not deprive defendants of any defenses, including the doctrine of judicial immunity. *See Guidry v. Durkin*, 834 F.2d 1465, 1468 (9th Cir. 1987). Accordingly, Plaintiffs have failed to state a cognizable claim for relief against the Judicial Defendants.

## CONCLUSION

For the reasons stated above, Judge Battaglia's and Judge Moskowitz's Motion to Dismiss is **GRANTED**. Plaintiffs' claims against Judge Battaglia and Judge Moskowitz are **DISMISSED WITH PREJUDICE**.[2]

**IT IS SO ORDERED.**

DATED: February 1, 2012

HON. ROGER T. BENITEZ
United States District Court Judge

---

[2] Plaintiffs argue that although "Kenner does not sue the United States or any of its agencies," "should this Court find that Kenner has sued the United States, Kenner ask [sic] that they be granted leave to amend their complaint so that they might more accurately reflect that position." (Opp. at 11-12.) To the extent that any of the allegations against Judge Battaglia and Judge Moskowitz could be construed as asserting claims for common law torts against the United States, however, the United States is also shielded by judicial immunity. *See* 28 U.S.C. § 2674 (under the Federal Tort Claims Act, "the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled"). Accordingly, Plaintiffs' request for permission to amend their complaint is **DENIED**.