UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BRIAN KENNER, et al., | CASE NO. 11-CV-2520 BEN (BGS) |
|---|---|
| Plaintiffs, | **ORDER GRANTING CAPITAL ONE'S MOTION TO DISMISS** |
| vs. | [Docket No. 14] |
| ERIN KELLY, et al., | |
| Defendants. | |

Presently before the Court is Defendant Capital One's Motion to Dismiss. (Docket No. 14.) For the reasons stated below, the Motion is **GRANTED**.

**BACKGROUND**

In October 2010, Plaintiffs Brian Kenner and Kathleen Kenner (husband and wife) filed suit against individual Internal Revenue Service employees David Alito, Charlotte Becerra, Patricia Blizzard, C. John Crawford, Erin Kelly, Mindy Meigs, Mary Kay Pittner, Jennifer Plasky, Carol Rose, and Sylvia Shaughnessy ("IRS Defendants"), as well as Barbara Dunn and Lacy Dunn and Do ("First RICO Action"). (*Kenner v. Kelly*, 10-CV-2105 AJB (WVG), Docket No. 1.) The complaint alleged that the IRS Defendants engaged in unauthorized collection actions by accepting payment of settlement funds, by their offer in compromise, and by improperly collecting settlement funds, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*.

When the First RICO Action was filed, it was assigned to Judge Barry T. Moskowitz. The

Case 3:11-cv-02520-BEN-BGS   Document 36   Filed 02/21/12   Page 2 of 7

district court later transferred the action to Judge Anthony J. Battaglia. (*Id.*, Docket No. 61.) On May 27, 2011, Judge Battaglia granted the IRS Defendants' motion to dismiss, and entered judgment. (*Id.*, Docket Nos. 64, 65.) On June 21, 2011, Plaintiffs filed a Notice of Appeal challenging the order granting the motion to dismiss. (*Id.*, Docket No. 66.) The appeal is currently pending before the Ninth Circuit. (*See Kenner v. Kelly*, No. 11-56062 (9th Cir.).)

On July 12, 2011, Plaintiffs filed a new action in district court, which is similar to the First RICO Action ("Second RICO Action"). (*See Kenner v. Kelly*, 11-CV-1538 AJB (WVG), Docket No. 1.) On August 9, 2011, this action was transferred to Judge Battaglia pursuant to the Court's low number rule. (*Id.*, Docket No. 13.) On August 11, 2011, this action was stayed pending resolution of the appeal of the First RICO Action. (*Id.*, Docket No. 15.)

Concerning Plaintiffs' allegations against Capital One, Plaintiffs had a property interest in 17550 Harrison Park Road, Julian, California. (Compl. ¶ 91.) Capital One attempted to institute a non-judicial foreclosure proceeding sixty days before Plaintiffs' appellate brief deadline in the appeal of the First RICO Action. (Compl. ¶¶ 38(a), 69(a).) Capital One was not a party to the First RICO Action. On September 26, 2011, a trustee's sale was held pursuant to a Deed of Trust executed by Plaintiffs on April 9, 2007. (Capital One RJN [Docket No. 14-2], Exh. A.)[1]

On October 14, 2011, Plaintiffs filed the present action in the San Diego County Superior

---

[1] Capital One requests that the Court take judicial notice of the Trustee's Deed Upon Sale, recorded in the Office of San Diego County as Document No. 11-509552 on September 30, 2011. (Docket No. 14-2.) This request is **GRANTED**. *See* FED. R. EVID. 201.
Plaintiffs request that the Court take judicial notice of several court document filed in *Kenner v. Kelly*, Case No. 11-56062 (9th Cir.); *Kenner v. Kelly*, Case No. 11-CV-1538 AJB (WVG) (S.D. Cal.); *Kenner v. Kelly*, Case No. 10-CV-2105 AJB (WVG) (S.D. Cal.); *Capital One, N.A. v. Kenner*, Case No. 37-2011-00036248-CL-UD-EC (Cal. Super. Ct.); and the present action. (Docket No. 24.) The Court **GRANTS** the request for judicial notice, but only for purposes of noticing the existence of these lawsuits and the claims made therein. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) **("[T]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein.").** In addition, Plaintiffs request that the Court take **judicial notice of a Press Release by United States Senator Patrick Leahy, dated March 7, 2011, a v a i l a b l e a t http://www.leahy.senate.gov/press/press_releases/release/?id=c6732350-779f-4093-a805-10ca d3b555ca. (Docket No. 24.) This request is GRANTED.** *See* FED. R. EVID. 201. **Lastly, Plaintiffs request that the Court take judicial notice of: (1) a letter from the Internal Revenue Service to Kathleen Kenner regarding notice of intent to levy, dated July 25, 2011; and (2) a foreclosure activity list from a San Diego real estate multiple listing service. (Docket No. 24.) These requests are DENIED, as these documents cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."** *See* FED. R. EVID. 201.

- 2 -                                                                                                                                11CV2520

1 Court against the IRS Defendants[2] in their individual capacities, Capital One, Judge Battaglia, and
2 Judge Moskowitz. (Docket No. 1.) As to Capital One, Plaintiffs assert four causes of action: (1)
3 conspiracy to violate the Bane Act, CAL. CIV. CODE § 52.1; (2) conspiracy to abuse process; (3)
4 conversion; and (4) intentional interference with economic relationships. The United States and the
5 IRS Defendants removed this action on October 31, 2011.

6 Presently before the Court is Capital One's Motion to Dismiss. Being fully briefed, the Court
7 finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil
8 Local Rule 7.1.d.1.

**DISCUSSION**

10 Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual
11 allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P.
12 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 129 S.
13 Ct. 1937, 1949 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer
14 possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if
15 the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal
16 evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which
17 relief may be granted. *Twombly*, 550 U.S. at 556.

18 Each of Plaintiffs' causes of action against Capital One will be addressed in turn.

**I. CONSPIRACY TO VIOLATE THE BANE ACT**

20 In the fourth cause of action, Plaintiffs allege conspiracy to violate the Bane Act against
21 Capital One, claiming that Capital One—conspiring with Judge Battaglia—attempted to foreclose on
22 Plaintiffs' property in order to disrupt Plaintiffs' pursuit of the appeal of the First RICO Action.

23 "A complaint for civil conspiracy states a cause of action only when it alleges the commission
24 of a civil wrong that causes damage. Though conspiracy may render additional parties liable for the
25 wrong, the conspiracy itself is not actionable without a wrong." *Okun v. Super. Ct.*, 29 Cal. 3d 442,
26 454 (1981). A claim for a violation of the Bane Act, CAL. CIV. CODE § 52.1, requires "an attempted

---

[2] On January 13, 2012, the United States was substituted into the action as a defendant in place of the IRS Defendants. (Docket No. 28.)

or completed act of interference with a legal right, accompanied by a form of coercion." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 882 (4th Dist. 2007) (internal quotation marks omitted). Specifically, the necessary elements for a Section 52.1 claim are: "(1) defendants interfered with plaintiff's constitutional rights by threatening or committing violent acts; (2) that plaintiff reasonabl[y] believed that if she exercised her constitutional rights, defendants would commit violence against her property; (3) plaintiff was harmed; and (4) defendants' conduct was a substantial factor in causing plaintiff's harm." *Arres v. City of Fresno*, No. CV F 10-1628 LJO SMS, 2011 WL 284971, at *25 (E.D. Cal. Jan. 26, 2011) (internal quotation marks omitted).

Here, Plaintiffs have not sufficiently stated a claim for relief under the Bane Act, the underlying claim. Plaintiffs appear to allege that Capital One's attempt to foreclose on their property interfered with their ability to prepare an appellate brief in the appeal of the First RICO Action. Plaintiffs, however, do not show that Capital One's action was connected to the appellate brief, or that Capital One threatened to foreclose on Plaintiffs' property in order to prevent them from preparing the brief. Plaintiffs also do not allege that the foreclosure was not lawfully undertaken pursuant to the Deed of Trust. Although Plaintiffs cite to their Answer filed in a previous unlawful detainer suit brought by Capital One, their Answer is not evidence that the foreclosure sale was wrongfully undertaken. In addition, Plaintiffs have not alleged that either Capital One or Judge Battaglia threatened or committed a violent act. *See Marsh v. Cnty. of San Diego*, 771 F. Supp. 2d 1227, 1234 (S.D. Cal. 2011) ("[T]he lack of threats, violence, or intimidation is fatal to Plaintiff's [Section 52.1.] claim.").[3] Accordingly, Plaintiffs have failed to state a claim for conspiracy to violate the Bane Act against Capital One.

---

[3] Plaintiffs argue that "[t]he element of violence is required when 'threat,' 'intimidation' and 'coercion' is by speech alone," citing *Doe By and Through Doe v. Petaluma City School District*, 830 F. Supp. 1560, 1582 (N.D. Cal. 1993). (Opp. at 7.) *Doe* in fact states that "to prevail on a claim under section 52.1**, plaintiff must prove that the defendant(s) interfered (or attempted to interfere) with her rights by threats, intimidations, or coercion (and that the defendant(s) did so other than by speech alone, unless the speech itself threatened violence)." 830 F. Supp. at 1582. In addition, Plaintiffs' arguments regarding the Massachusetts Civil Rights Act of 1979; the Fair Housing Act, 42 U.S.C. § 3617; and California Government Code § 12955.7 are inapposite.**

## II.   CONSPIRACY TO ABUSE PROCESS

In the ninth cause of action, Plaintiffs allege conspiracy to abuse process against Capital One, claiming that Capital One—conspiring with Judge Battaglia—attempted to foreclose on Plaintiffs' property in order to disrupt Plaintiffs' pursuit of the appeal of the First RICO Action. The tort of abuse of process "arises when one uses the court's process for a purpose other than that for which the process was designed." *Brown v. Kennard*, 94 Cal. App. 4th 40, 44 (3d Dist. 2001). The elements of abuse of process are: "the defendant (1) contemplated an ulterior motive in using the process; and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." *Id.*

Here, the underlying claim for abuse of process is not adequately pled. In regards to actions undertaken by Capital One, Plaintiffs do not show that Capital One's action was connected to the appellate brief or that Capital One threatened to foreclose on Plaintiffs' property in order to prevent them from preparing the brief, as explained above. Furthermore, the Trustee's Deed Upon Sale establishes that the alleged action was a non-judicial foreclosure proceeding taken pursuant to a Deed of Trust. Because they are not undertaken pursuant to litigation, "actions taken in non-judicial foreclosure proceedings cannot form the basis of an abuse of process claim." *Minichino v. Wells Fargo Bank, N.A.*, No. C 11-01030 SI, 2011 WL 4715153, at *8 (N.D. Cal. Oct. 7, 2011). In regards to actions undertaken by Judge Battaglia, the Complaint does not allege that Judge Battaglia committed willful acts not proper in the regular conduct of proceedings. Although Plaintiffs argue that Judge Battaglia attempted to "improperly force Kenner to quit the RICO lawsuit and abandon their timely filed appeal" by ruling against them in the First RICO Action (Compl. ¶ 69), Plaintiffs could not have filed an appeal of the First RICO Action without first obtaining a ruling from the district court. Accordingly, Plaintiffs have failed to state a claim for conspiracy to abuse process against Capital One.

### III.  CONVERSION

In the twelfth cause of action, Plaintiffs allege conversion against Capital One, based on Capital One's attempted foreclosure on Plaintiffs' property. "Conversion is the wrongful exercise of dominion over the property of another." *Oakdale Vill. Group v. Fong*, 43 Cal. App. 4th 539, 543 (3d Dist. 1996). To establish conversion, a plaintiff must show: "the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Id.* at 543-44.

Although Plaintiffs allege that Capital One attempted a foreclosure sale on their property, they do not set forth sufficient allegations suggesting that the foreclosure sale was undertaken wrongfully. Plaintiffs allege that "Capital One *and Does* 1-50 did not follow the laws, specifically Cal. Civ. Code § 2924" (Compl. ¶ 93), but do not assert any factual allegations in support of their claim. In addition, Plaintiffs cite to their Answer filed in a previous unlawful detainer suit brought by Capital One. Plaintiffs' Answer is not evidence that the foreclosure sale was wrongfully undertaken. Accordingly, Plaintiffs have failed to state a claim for conversion against Capital One.

### IV.  INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP OR PROSPECTIVE ECONOMIC ADVANTAGE

In the fourteenth cause of action, Plaintiffs allege intentional interference with economic relationships against Capital One, based on Capital One's attempted foreclosure on Plaintiffs' property.[4] The elements of intentional interference with contractual relationship or prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003)

---

[4] Although Plaintiffs do not specify in the Complaint whether their claim against Capital One is for negligent or intentional interference with economic relationships, Plaintiffs argue that Capital One intentionally interfered with their prospective economic advantage in their Opposition. (*See* Opp. at 15-16.)

1  (internal quotation marks omitted).  In addition, a plaintiff must show that "defendant's conduct was
2  wrongful by some legal measure other than the fact of interference itself."  *Id.* (internal quotation
3  marks omitted).

4  Here, the Complaint does not specifically identify existing or prospective economic
5  relationships that were harmed by Capital One's actions.  Although the Complaint alleges that
6  "Kenner runs a business off the Kenner Horse Ranch" (Compl. ¶ 107), this creates only the possibility
7  that existing or prospective economic relationships existed at the time of foreclosure.  Such vague
8  allegations are insufficient under *Ashcroft v. Iqbal*.  *See* 129 S. Ct. at 1949 (requiring plaintiff to plead
9  factual content that provides "more than a sheer possibility that a defendant has acted unlawfully").
10 In addition, the Complaint does not allege that Capital One's conduct was wrongful.  Specifically, the
11 Complaint only conclusorily states that Capital One acted wrongfully by initiating foreclosure
12 proceedings on the subject property.  Accordingly, Plaintiffs have failed to state a claim for intentional
13 interference with contractual relationship or prospective economic advantage against Capital One.

## CONCLUSION

15 For the reasons stated above, Capital One's Motion to Dismiss is **GRANTED**.  All of
16 Plaintiffs' claims against Capital One are **DISMISSED WITH PREJUDICE**.

17 **IT IS SO ORDERED.**

18 DATED:  February 21, 2012

_____
Hon. Roger T. Benitez
United States District Judge