FILED

2012 JUN 20 AM 11: 12

CLERK US...
SOUTHERN DISTR...

BY ___mp___ DEPUT...

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KENNER, et al.,<br><br>                    Plaintiffs,<br>vs.<br><br>ERIN KELLY, et al.,<br><br>                    Defendants. | CASE NO. 11-CV-2520 BEN (BGS)<br><br>**ORDER GRANTING UNITED STATES' MOTION TO DISMISS**<br><br>[Docket No. 35] |

      Presently before the Court is Defendant United States of America's Motion to Dismiss. (Docket No. 35.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

      In October 2010, Plaintiffs Brian Kenner and Kathleen Kenner (husband and wife) filed suit against individual Internal Revenue Service employees David Alito, Charlotte Becerra, Patricia Blizzard, C. John Crawford, Erin Kelly, Mindy Meigs, Mary Kay Pittner, Jennifer Plasky, Carol Rose, and Sylvia Shaughnessy ("IRS Defendants"), as well as Barbara Dunn and Lacy Dunn and Do ("First RICO Action"). (*Kenner v. Kelly*, 10-CV-2105 AJB (WVG), Docket No. 1.) The complaint alleged that the IRS Defendants engaged in unauthorized collection actions by accepting payment of settlement funds, by their offer in compromise, and by improperly collecting settlement funds, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*

      When the First RICO Action was filed, it was assigned to Judge Barry T. Moskowitz. The district court later transferred the action to Judge Anthony J. Battaglia. (*Id.*, Docket No. 61.) On May 27, 2011,

1 | Judge Battaglia granted the IRS Defendants' motion to dismiss, and entered judgment. (*Id.*, Docket Nos.
2 | 64, 65.) On June 21, 2011, Plaintiffs filed a Notice of Appeal challenging the order granting the motion to
3 | dismiss. (*Id.*, Docket No. 66.) The appeal is currently pending before the Ninth Circuit. (*See Kenner v.*
4 | *Kelly*, No. 11-56062 (9th Cir.).)

5 | On July 12, 2011, Plaintiffs filed a new action in district court, which is similar to the First RICO
6 | Action ("Second RICO Action"). (*See Kenner v. Kelly*, 11-CV-1538 AJB (WVG), Docket No. 1.) On
7 | August 9, 2011, this action was transferred to Judge Battaglia pursuant to the Court's low number rule. (*Id.*,
8 | Docket No. 13.) On August 11, 2011, this action was stayed pending resolution of the appeal of the First
9 | RICO Action. (*Id.*, Docket No. 15.)

10 | On October 14, 2011, Plaintiffs filed the present action in the San Diego County Superior Court
11 | against the IRS Defendants in their individual capacities, Capital One, Judge Battaglia, and Judge Moskowitz.
12 | (Docket No. 1.) As to the IRS Defendants, Plaintiffs assert six causes of action: (1) conspiracy to violate
13 | the Bane Act, CAL. CIV. CODE § 52.1; (2) violation of the Bane Act, CAL. CIV. CODE § 52.1; (3) conspiracy
14 | to abuse process; (4) abuse of process; (5) conspiracy for conversion; and (6) interference with economic
15 | relationships. The United States and the IRS Defendants removed this action on October 31, 2011.

16 | On January 13, 2012, the Court granted the United States' Motion to Substitute Party, dismissing
17 | the IRS Defendants and substituting the United States as a proper party defendant. (Docket No. 28.)
18 | Presently before the Court is the United States' Motion to Dismiss. Being fully briefed, the Court finds the
19 | Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.

### DISCUSSION

21 | Because the Court substituted the original IRS Defendants with the United States on January 13,
22 | 2012, the United States is now the proper party defendant before this Court. "The Federal Government
23 | cannot be sued without its consent." *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009). Where
24 | the United States has not consented to suit, the Court lacks jurisdiction over the subject matter of the action
25 | and dismissal is required. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). A court strictly
26 | construes waivers of sovereign immunity, which must be unequivocally expressed in the statutory text; to
27 | show that the government is liable for awards of monetary damages, the waiver of sovereign immunity must
28 | extend unambiguously to such monetary claims. *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*,

676 F.3d 829, 840 (9th Cir. 2012).

The Court determined Plaintiffs' causes of action against the original IRS Defendents were common law tort claims against the United States in its decision to grant the motion to substitute party on January 13, 2012. The Federal Tort Claims Act ("FTCA") is the exclusive remedy for a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. § 2679(b)(1).

Even though the FTCA provides certain remedies to sue the federal government and its employees, it has limitations and exceptions. First, a prerequisite to the waiver of sovereign immunity under the FTCA requires the claimant to present an administrative claim to the appropriate Federal agency first and to have his claim finally denied by the agency. 28 U.S.C. § 2675. If this is not done, a plaintiff's claim is premature. *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991). In this case, there is no record before the Court that indicates Plaintiffs filed such a claim, and the claim had been denied. Second, the FTCA does not extend to any "claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c); *Morris v. United States*, 521 F.2d 872, 874 (9th Cir. 1975). Here, Plaintiffs' claims arise out of the IRS Defendants' seizure of assets in the process of collection of a tax, and thus, the FTCA does not apply. In addition, Plaintiffs have failed to cite any other statutory authority that waives the United States' sovereign immunity in this case.

Plaintiffs make three arguments in opposition to the Motion to Dismiss. First, Plaintiffs argue that the fact that the FTCA cannot be used against IRS employees acting to collect taxes means that it was improper for the United States to substitute itself as a defendant. The Court properly substituted the United States as a defendant in place of the IRS Defendants pursuant to 28 U.S.C. § 2679(d), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 (Pub. Law 100-694). Second, Plaintiffs argue that the Certification of Scope of Employment and Substitution of the United States was improper and constituted a final judgment that Plaintiffs should have been allowed to appeal. However, the Ninth Circuit already ruled on March 12, 2012 that it lacked jurisdiction to decide the issue because the order to grant the motion to substitute party was not final and thus not appealable. (Docket No. 38.) Third, Plaintiffs argue

1 that they were prejudiced because they did not receive timely notice of the substitution of the United States in this matter. Plaintiffs argue that the Certification of Scope of Employment, filed on January 5, 2012 and including a Certificate of Service stating that it was mailed the same day, was not postmarked until January 17, 2012. The Certificate of Service for the Certification of Scope of Employment is dated January 5, 2012. (Docket No. 21.) Although Plaintiffs were mailed a court document on January 17, 2012, this document was likely the United States' Reply in Support of the Motion to Dismiss filed on behalf of the IRS Defendants, which is dated January 13, 2012. (Docket No. 27.) Thus Plaintiffs received timely notice of the substitution of the United States for the IRS Defendants.

Accordingly, the Court does not have jurisdiction over Plaintiffs' claims against the United States. As this issue is dispositive, the Court will not address the Unites States' remaining arguments.

## CONCLUSION

For the reasons stated above, United States' Motion to Dismiss is **GRANTED**. All of Plaintiffs' claims against United States are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: June 19, 2012

HON. ROGER T. BENITEZ
United States District Court Judge